## DICKSON, Jr. v. BRIGGS.

1. The condition of a bond reciting that the title to a lot of land is in dispute, and stipulating that the obligor shall satisfy that dispute, and keep the obligee, his heirs, &c. in possession forever, and pay him all such damages as he may sustain by the pretended claim set up to the lot, is to be construed as a covenant to satisfy the outstanding incumbrance, or remove the outstanding title, as the case may be, within a reasonable time; and if not so done by the obligor within a reasonable time, the obligee may pay the incumbrance, or remove the outstanding title, and have his action on the bond for indemnity.
2. Where the disputed title covenanted to be satisfied, consists in the claim

28

of a former vendor, for notes given by a former purchaser, to whom no deed was executed, these notes constitute a lien, which the obligee may remove on the default of the obligor, and recover the sum paid, by action on the covenant.

Writ of Error to the County Court of Franklin.

COVENANT by Briggs, against Dickson, on a bond, the condition of which recites that Dickson had sold and conveyed to Briggs two lots of land in Russellville, Nos. 188 and 189, for the sum of $200, on which is situated a two story brick building, and for which Dickson had executed to Briggs a deed in fee simple—"the title to one of said lots is in dispute"—and then provides: "Now if the said Dickson shall satisfy that dispute, and keep the said Briggs, his heirs, &c. in possession forever, and shall pay said Briggs all such damages as he may sustain by the pretended claim set up to said lot," then, &c. The breach assigned is, that the defendant has not satisfied that dispute, by means whereof the said plaintiff, before suit brought, was forced and obliged, and did necessarily lay out and expend large sums, &c. in and about satisfying the dispute to the title to one of said lots. The defendant demurred, but his demurrer being overruled, he then pleaded *non infregit conventionem*, on which issue was joined.

At the trial, the plaintiff, after putting in evidence the bond and the deed recited or referred to in the condition, showed that the defendant purchased the lots sold him from one Michael Dickson—that Michael Dickson purchased the lot from the county of Franklin—that no deed was executed by the commissioners' court to Michael Dickson—that Michael Dickson gave his notes for the purchase money and took possession—two of these notes for $85 remaining unpaid, it was agreed between the county commissioners and the plaintiff, that these notes should be delivered to the latter upon his paying $100, and this being done, they transferred to him all liens on the said lots, created by the giving of these notes. He also proved that these notes had never been paid by Mi-

Dickson, Jr. v. Briggs.

chael Dickson, and that the defendant was advised by the plaintiff before he took them up.

The defendant then proved that Michael Dickson was solvent, and had some years before removed to Mississippi, where he resided at the time of the trial.

On this state of proof, the court charged the jury, that if any part of the purchase money was due from Michael Dickson for the lot purchased by the plaintiff of the defendant, then this was such a legal incumbrance on the lot as the plaintiff was authorized to discharge, and its payment would entitle him to his action on the bond.

The defendant requested the court to charge, that the circumstances in proof did not warrant a recovery. This being refused, the defendant excepted.

He now assigns the overruling of the demurrer, and the rulings at the trial as matters of error.

Nooe, for the plaintiff in error, insisted—

1. Under the covenant, no action will lie until eviction, and the plaintiff was not authorized to purchase in the outstanding equitable incumbrance. [7 Ala. Rep. 487; 9 Ibid. 179.]

2. The proof does not show that any one disputed the plaintiff's title or possession.

Cooper, contra, contended—

1. The bond is in legal effect a covenant to remove incumbrances, and the defendant being advised of that existing here, was bound to remove it. [9 Ala. Rep. 179; 2 Lomax on Real P. 273.]

GOLDTHWAITE, J.—1. The questions raised by the demurrer, and by the proof at the trial, are slightly different, yet sufficiently similar to enable us to consider them together. The demurrer in effect denies there is any cause of action until the plaintiff has been disturbed or evicted from the possession; and the request for the particular charge insists the plaintiff's payment of the debt due from the former purchaser is not to be answered by the damages in this suit. If the legal effect of the covenant in this case, is one for quiet enjoy-

ment only, it is quite probable there would be no breach without some disturbance of the possession, and it may be the declaration should then contain averments of something equivalent to eviction. [Platt on Cov. 320 ; 2 Lomax Dig. 269 ; Caldwell v. Kirkpatrick, 6 Ala. Rep. 60; Banks v. Whitehead, 7 Ib. 83.] It seems to us, however, that when the defendant stipulates he will satisfy the dispute respecting the title which the bond admits to exist, this must receive the same construction as a covenant to remove incumbrances, or a covenant that the estate is free from incumbrances. It will be seen the other covenants extend fully to quiet enjoyment, and for indemnity in case of eviction. The only object, then, for inserting the stipulation to satisfy the dispute, must have been to bind the party to remove the dispute from the title. It is well settled, that a covenant that premises are free from incumbrances, is broken immediately on the execution of the deed, if there are any such then on the land, and that the grantor need not wait to be evicted, but may extinguish them and call on the grantor for indemnity. [Prescott v. Truman, 4 Mass. 627; Delavergne v. Norris, 7 Johns. 358; Duval v. Craig, 2 Wheat. 45.] There is no reason why a less beneficial construction should be given to a contract to remove an incumbrance. Certainly the purchaser ought not to be prejudiced by the vendors allowing it to remain for an unreasonable length of time. In our judgment, such a stipulation as is found here requires the covenanter to remove it within a reasonable time, and upon his default to do so, the purchaser may himself remove the cause of dispute, and require indemnity from the covenanter by suit on the bond.

2. The evidence shows the defendant derived his title to the lot by deed from one who purchased from the commissioners of Franklin county, but to whom no conveyance was executed on behalf of the county, and that two of the notes given by this individual for the purchase money, were unpaid and outstanding. The effect of this is, that the legal title remained with the county, and could have been exerted against the obligee, at least to the extent of enforcing a lien upon the lot for the unpaid purchase money. If, instead of enforcing the title of the county to the lot, the commission-

ers were willing to relinquish it on the payment of the outstanding notes, we think it clear, from the analogies to which allusion has been made, the plaintiff was authorized, upon the defendant's default, to make the necessary payment, and resort to his action on the bond. The measure of damages under such circumstances, is the amount reasonably expended in effecting the removal of the incumbrance.

Under these views, we consider the declaration is sufficient, as it assigns the breach in the terms of the covenant; and that the rulings of the court at the trial are free from error.

Judgment affirmed.