## LUKE YATES v. THE STATE.

1. On a trial for theft, the court below instructed the jury that when " property recently stolen is found in the possession of a person, the law " presumes that person to be the thief, and such person must rebut the " presumption by proof, such as having bought the property in a public " manner." This is *held* to be erroneous. The possession of stolen property is merely a circumstance to be submitted to the jury in connection with other evidence of guilt, and is not sufficient of itself to justify a verdict of guilty. *Held further*, that the latter part of the charge, directing the jury that it was incumbent on the accused to rebut the presumption of guilt by proof of having bought the goods in a public manner, is erroneous; a purchase in good faith at private sale would protect the accused as amply as a public purchase.

2. The possession of stolen property five months after the theft, is not sufficiently recent to raise the presumption that the party in possession of the goods is the thief.

APPEAL from Lamar.   Tried below before the Hon. R. H. Taylor.

The opinion of the court sufficiently states the facts of the case.

*Johnson & Miner*, for the appellant.

*Wm. Alexander, Attorney-General*, for the State.

OGDEN, J.   The first clause of the charge of the court in this case, is in these words: "Property recently stolen being found

" in the possession of a person, the law presumes that person to " be the thief, and such person must rebut the presumption by " proof, such as having bought the property in a public man- " ner." We think there is error in this charge, especially when applied to the facts as proven on the trial of this case.

Easter Waggoner, on the last day of December, or first day of January, had taken from her house, by some person unknown to her, a feather bed and some bed-clothing, and, on the first of June following, the deputy sheriff found the missing articles in appellant's house. Five months had elapsed since the property had been missed from the house of the owner, before it was found in the possession of the appellant, and it may have changed hands several times during that period; and we cannot subscribe to the doctrine laid down by the court, that the possession of this property, admitting it to have been stolen, was so recent after the theft as to raise the legal presumption that the party in possession is the thief. It was a circumstance which might very properly have been submitted to the jury, in connection with other evidence of guilt; but we do not think this evidence of possession, alone, sufficient to warrant a conviction, and yet the charge of the court would appear to give it that degree of importance.

Possession of stolen property, however remote from the date of the theft, may be said to raise a presumption of a guilty possession; but that presumption must necessarily greatly diminish as time elapses, until it becomes so slight as to hardly make an impression upon a reflecting mind.

Mr. Bishop, after reviewing many decisions on this question, seems to come to the conclusion that the simple possession of stolen goods, however recent after the theft, does not raise a sufficiently strong presumption of guilt to warrant a conviction for that crime. But he says there are nearly always other circumstances and evidence attending that possession, such as the character of the party, the explanation given or refused, or attempts at concealment, which may greatly increase or diminish the presumption raised by the possession.

Syllabus.

We think the charge of the court gave too much importance to the simple fact of the possession of stolen goods five months after the same had been stolen, and that, in doing so, it was calculated to mislead the jury. The latter part of this clause of the charge is still more objectionable than the former. The jury are told that the law presumes the possessor of stolen goods, recently after the theft, to be the thief; and he must rebut that presumption by proof, such as having purchased the property in a public manner. We can hardly comprehend the force of this portion of the charge, nor can we understand why a purchase made privately, if innocently made in good faith, would not protect the possessor as fully as though the purchase had been made publicly. There is much conflict in the testimony in this case, and therefore it becomes highly important that the jury should have the law plainly and correctly given them, as a guide for their verdict.

The judgment of the District Court is therefore reversed, and the cause remanded.

                                 Reversed and remanded.