### DAVID THOMAS v. THE STATE.

1. RECENT POSSESSION OF STOLEN PROPERTY, if unexplained, warrants the presumption of the guilt of the party in whose possession it is found, but such presumption is one of fact to be found by the jury.
2. ACCOMPLICE, TESTIMONY OF.—Where the only testimony connecting the accused with the offense is given by an accomplice, the omission of the court to instruct the jury upon the necessity of its corroboration by other testimony (Paschal's Dig., art. 3118) is error.

APPEAL from Smith.  Tried below before the Hon. J. L. Camp, Judge of the Criminal District Court of Tyler.

Wesley Hudson, January Williams, and David Thomas were indicted for theft of twenty bushels of corn, the property of James Dixon, of the value of thirty dollars.

On the trial of Thomas, Dixon testified that on a Monday in January, 1870, he left home, in Smith county, and returned on the Saturday following, when he found that about twenty bushels of corn was missing from his crib. Sunday morning he went to his crib and found a wagon track and the tracks of two mules; these tracks he traced to the big road, and thence, after leaving the road, to the crib of defendant.  After tracking the wagon to the defendant's crib, witness called defendant from his house and asked him if he had been buying corn from any person on witness's place.  Defendant answered in the negative.  "That sometime after the corn was missing the

codefendants, Williams and Thomas, confessed that they and defendant stole the corn, and were willing to pay him, witness, for it, if David Thomas, defendant, would pay his part;" that the distance the corn was taken was about half a mile; that the wagon and mules belonged to witness; that witness was able to track the mules from the impression made by a broken piece of a shoe of one of the mules; that defendant was familiar with the premises, and was in the habit of coming there often, and knew where witness kept his wagon and mules, and knew where his crib was; that the corn was taken without his consent, and was taken in Smith county, Texas.

The prosecution then introduced Wesley Hudson, (indicted with defendant,) who testified " that he and several others, among whom was defendant, were engaged in a kind of frolic on Mr. Dixon's place one night in January, 1870; that they were drinking whisky, and that witness, among the rest, felt its effects; that during the *jollification* the defendant proposed that some one would go with him after some corn; that witness and Williams went with them to Mr. Dixon's horse-lot and to his corn-crib, and there got, as witness supposed, about six bushels of corn, put it into Mr. Dixon's wagon, and with Mr. Dixon's mules carried it to the crib of the defendant; that witness staid at the wagon while defendant and Williams went to the crib and got the corn and put it into the wagon."

Witness Hudson on cross-examination was asked as to his testimony on a former trial of the case, and the defendant proved that on such former trial Hudson testified that Thomas was not present when the corn was taken, but was at home and received it when carried there by Williams and the witness, Hudson.

The court, after defining theft, instructed the jury that "Possession of property recently stolen raises a presumption of the guilt of the possessor. But you should not convict the defendant upon recent possession alone unless

there are other facts or circumstances in proof pointing to the defendant's guilt."

The jury found the defendant guilty, and fixed his punishment at two years' confinement in the penitentiary.

Motion for new trial was overruled and defendant appealed.

*Thomas W. Dodd*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State.

Moore, Associate Justice.—The unexplained possession of stolen property recently after the theft is unquestionably a circumstance which often tends to prove the guilt of the party in whose possession it is found. Its force and effect to this end depends, however, upon all the facts and circumstances in the particular case under consideration. It is an inference of fact from the evidence, and not a presumption or conclusion of law from an established or admitted fact. This presumption may be and is often so plain and evident an inference from the facts, that in many cases it has not been thought to be a material error, requiring a reversal of the judgment, for the court to instruct the jury in general terms, that unexplained possession of stolen property recently after it is stolen warrants the presumption of the guilt of the party in whose possession it is found.

Such a charge, however, is certainly not unexceptionable if, when considered in connection with all the instructions given, it is calculated to induce the impression on the jury that the guilt of accused is a presumption which the law requires shall be made from the fact of his being found in possession of the stolen property, instead of an inference or conclusion of their own, which they may or may not adduce from the entire evidence before them, as they may believe to be right and proper.

Whether the charge given in this case is justly subject

to criticism on this ground we need not stop to inquire. There was no evidence of possession by appellant of the corn charged to have been stolen. It was, therefore, improper for the court to give a charge based upon such a hypothesis. It was unquestionably calculated to confuse if not to mislead the jury.

We also think, in view of the facts of this case, that the court should have instructed the jury that they could not convict the defendant on the testimony of an accomplice unless corroborated by other evidence tending to connect him with the offense committed, and that the corroboration is not sufficient if it merely shows the commission of the offense. (Paschal's Dig., art. 3118.) Evidently, the testimony, without that of the witness who admits himself to have been a participant in the crime, was totally insufficient to warrant appellant's conviction. The evidence of the owner of the corn is merely calculated, at most, to excite suspicion against appellant. We cannot say the meagre statement which he makes, as we find it in the record, tends "to connect the defendant with the offense committed." The only fact stated giving the slightest support to such conclusion is that the witness followed the wagon trail, in which it is supposed the corn was carried away, from his, witness's, crib to that of appellant; but he does not say that the stolen corn, or any corn whatever, was found in appellant's crib or elsewhere about his premises, nor whether the wagon track stopped there, went elsewhere, or turned back to witness's place, where, as he says, it belonged.

The judgment is reversed and the case remanded.

REVERSED AND REMANDED.