## J. P. BECK v. THE STATE.

1. RECENT POSSESSION OF STOLEN PROPERTY.—Possession of stolen property, to raise a presumption of guilt, must be recent; and such possession cannot be infered from testimony showing that the accused, in 1874, had possession of and publicly used a mule which had escaped or had been stolen from its owner in 1872.

2. ALTERATION OF BRAND.—Where the testimony showed that the accused had bought the animal from one in the neighborhood, and had paid for it, and had used it publicly for several months before claimed by the owner, the alteration of the brand by the accused

cannot be regarded as referable only to guilt of theft; such act may be referable to a desire to retain the property and to destroy the effect of the brand as evidence.

3. New trial.—See facts sufficient to require a new trial.

Appeal from De Witt. Tried below before the Hon. D. D. Claiborne.

J. P. Beck was indicted, tried, and convicted at December Term of the District Court, 1875, for theft of a mule, the property of W. J. Weisiger, and his punishment fixed at five years in the penitentiary.

On the trial, Weisiger, for the State, testified substantially that about December, 1872, for the purpose of weaning the mule, he took it over the Guadalupe river, and put it in Mr. Anderson's pasture; it was a brown mare mule, square built, and branded. Witness afterwards learned that the mule got out of the pasture, and had gone down the river to the bend. Witness, in February or March, 1875, heard that such an animal had been put in Humphrey's pasture by defendant, and was still in the pasture. Witness sent to Murphy, asking him to hold the mule for him, and that it was not Beck's (defendant;) that witness afterwards heard Beck had taken the mule from Murphy's. In August, 1875, witness went to Beck's house, with a negro boy, who had branded the mule, told Beck he had come for his mule, and at his request Beck went on the prairie and brought up the mule. Witness knew the mule by the flesh marks, and took it home; it had a different brand when recovered; the brand had evidently been altered. This was in De Witt county, and was without consent of witness.

Defendant proved by three witnesses that he bought the mule from W. J. Schultz, in the month of November, 1874, and that he paid Schultz fifty dollars in lumber for the mule.

Schultz testified that he sold the mule to Beck for fifty dollars in property; that he bought it from a man by the name of Gay, in San Patricio county; that the mule was

unbroken when he sold it to Beck, who broke it and used it until delivered to the owner.

Beck also proved the execution of a bill of sale for the mule by Schultz to him, but neglected to read it to the jury.

Beck, Schultz, and Weisiger lived in the same neighborhood; Schultz and Beck in half a mile of each other, and two miles from Weisiger, as appeared in affidavits for new trial, as also in the bill of sale and inspector's certificate for the mule as branded when recovered by the owner.

All other facts necessary are given in the opinion of the court.

*Lackay & Stayton*, for appellant.

*George Clark, Attorney General*, for the State.

MOORE, ASSOCIATE JUSTICE.—The motion for a new trial should have been granted. The testimony does not support and justify the verdict. The mule alleged to have been stolen had been out of the actual possession of the owner for some two years before appellant is shown to have had any connection with it. During this time the owner knew nothing about it, except that he had heard it had gotten out of the pasture, where he had placed it, and was running in a bend of the river below the pasture. Much too great a length of time had elapsed since the mule had been in the possession or under control of the owner for the proof of possession and claim of ownership by appellant to raise the presumption of theft. And especially when, as in this case, the proof shows that defendant purchased it from a party living in the immediate vicinity of the owner and himself, and held and used it openly under this claim of title, with the knowledge of the owner, for months before, on the demand of the owner, he surrendered it to him.

The evidence before the jury shows that the mule had upon it the owner's brand when it was first in appellant's possession, which brand was subsequently changed, and

that appellant, when asked about the mule by the owner, denied that he had a mule in 'defendant's brand. The change of the brand, if such was the case, is unquestionably a circumstance calculated to excite a strong suspicion as to the *bona fide* character of appellant's claim to the mule. But it cannot be said, under the circumstances of this case, that the alteration of the brand and denial that he had possession of a mule in the owner's brand can be regarded as anything more than suspicious circumstances, tending to prove guilt. The denial of a known fact, and attempt to conceal, destroy, or pervert evidence of the owner's title to property, or which is calculated to prove guilt, may, and doubtless does, often occur from a cowardly fear of a groundless charge, based upon suspicious circumstances; or a covetous desire to retain property for which one has paid, under the supposition that he was acquiring a *bona fide* title, but which he afterwards finds belongs to another. A fraudulent and dishonest purpose to retain property to which one has no just claim is by no means inconsistent with the absence of a felonious intent in its original acquisition. And especially when it is shown, as in this case, that it was purchased from one in possession of it, and there were no circumstances connected with such possession to excite doubt or suspicion as to his right to it. Schultz, from whom appellant claimed to have gotten the mule, was examined as a witness, and his bill of sale to appellant for the mule exhibited and proved. Owing, doubtless, to the fact that appellant attempted to conduct his own defense, without the assistance of an attorney, the bill of sale was not submitted to the jury. But if we may look to it and to the affidavits filed with the motion for a new trial, it will be seen that there is strong reason to believe that the witness for the State, who testified that the mule was in the owner's brand after it came into appellant's possession, was mistaken.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.