### B. A. ALDERSON *v*. THE STATE.

1. THEFT—EVIDENCE.—Though an indictment charges the theft of two animals, evidence establishing the theft of but one of them warrants a verdict of guilty.

2. CHARGE OF THE COURT.—Though well settled that under our Code the jury should not be instructed that the possession of property recently stolen raises a presumption of guilt, yet such a charge, if not excepted to at the time, will not constitute material error unless it was calculated, in view of all the evidence, to prejudice the rights of the accused.

3. EVIDENCE—PRACTICE IN THIS COURT.—If no objection was taken in the court below to the admission of evidence, its admissibility cannot, as a general rule, be questioned in this court.

4. PRACTICE.—That the indictment was not presented in open court by the grand jury, and that neither its presentment nor the style of the cause were entered on the minutes of the court below, as required by the Code, are matters available to the accused, by motion, to quash the indictment; but are not available if deferred until after verdict. Unless properly controverted in the court below, and bill of exceptions be duly reserved, this court presumes such entries to have been duly made in the court below.

APPEAL from the Criminal Court of Paris, county of Lamar. Tried below before the Hon. J. Q. CHENOWITH.

So far as material, the facts are disclosed by the opinion of the court.

*J. M. Long*, for the appellant.

*H. H. Boone,* Attorney General, and *W. B. Dunham,* for the State.

ECTOR, P. J. The defendant was indicted and convicted, in the criminal court of the city of Paris, for the theft of two geldings, and his punishment assessed at eleven years confinement in the penitentiary. The counsel for the defendant has assigned a number of errors, most of which we will notice in their order.

We believe the court properly refused to give the instructions asked by the defendant's counsel. The prosecution was not required to prove that the defendant stole both of the geldings named in the indictment. If the jury were satisfied from the evidence, beyond a reasonable doubt, that he fraudulently took and appropriated to his own use one of them, as charged in the indictment, it would be sufficient to warrant a conviction. In this case there were other facts and circumstances in evidence, besides the recent possession of the stolen property, indicative of the guilt of the defendant; and the entire evidence was sufficient to support the verdict of the jury.

The 4th instruction given by the presiding judge is assigned as error, and is mainly relied on for reversal of the judgment. This portion of the charge is as follows:

"If you believe from the evidence that the defendant is shown to have been in possession of the property charged to have been stolen, and that his said possession was soon after the property was taken from the owner, the law presumes such possession to have been guilty possession, unless explained by the defendant—giving some reasonable account of his possession of the said property."

There has been quite a conflict of opinions in the courts of the different states of the Union as to the effect or presumptions to be given against a person being the thief when found in possession of property recently stolen. In this

state the rule of law is now well settled that the possession of property recently stolen is a fact or circumstance to be considered by the jury, in connection with all the other evidence submitted to them, in determining the guilt or innocence of the accused. Our supreme court, in quite a number of cases, has disapproved the practice of district judges in instructing juries, in cases of theft, to charge them that the possession of property recently stolen raises the presumption of guilt.

In the case of *Gus Parish* v. *The State*, decided at the March term, 1876, at Galveston, our supreme court says: "Such a charge may be expected to be given in courts where the judge is allowed to sum up the evidence and give the jury his opinion as to the weight of it, from which practice it is found in elementary writers and in judicial opinions to be laid down as *prima facie* presumption of guilt. Our Code not only excuses the judge from the performance of this duty, but expressly and pointedly forbids the exercise of it." See, also, *Perry* v. *The State*, 41 Texas, 484; *Calvin Thompson* v. *The State*, 43 Texas, 268; 2 Bishop's Cr. Proc., secs. 740, 741, and notes; *Foster* v. *The State*, 1 Texas Ct. of App. 363; *Chapman* v. *The State*, 1 Texas Ct. of App. 728.

This question has so often been before the appellate courts of this state, especially within the last four years, and the decisions upon it have been so uniform, district judges cannot be unmindful of the fact that much of the valuable time of the courts will be saved if they will follow these decisions in giving instructions to the jury on this point.

In the case of *McCoy* v. *The State*, 44 Texas, 618, Gould, J., in delivering the opinion of the court, says: "Where the court in its charge has directed attention to the subject by telling the jury that such unexplained possession raises a presumption of the guilt of the possessor,

or is *prima facie* evidence of his guilt, it has not been in many cases regarded as a material error, though it is said not to be 'strictly correct.' The charge as a whole, and in connection with the facts of the case, may show that it was neither intended nor understood as meaning that the law attached to such possession any artificial force beyond its natural tendency to produce belief, under the circumstances of the case. *The State* v. *Smith*, 2 Ired. * * * "If the facts show that the error was calculated to injure the rights of the defendants, and was, therefore, a material error, although the charge was not excepted to, it constitutes a good ground for a new trial, and the refusal of a new trial in such a case will be a sufficient ground for a reversal."

Moore, J., also, in the case of *Thomas* v. *The State*, 43 Texas, 658, says : " The unexplained possession of stolen property recently after the theft is unquestionably a circumstance which often tends to prove the guilt of the party in whose possession it is found. Its force and effect to this end depends, however, upon all the facts and circumstances in the particular case under consideration. It is an inference of fact from the evidence, and not a presumption or conclusion of law from an established or admitted fact. This presumption may be, and often is, so plain and evident an inference from the facts that in many cases it has not been thought to be a material error, requiring a reversal of the judgment, for the court to instruct the jury, in general terms, that unexplained possession of stolen property recently after it is stolen warrants the presumption of the guilt of the party in whose possession it is found." The defendant not having excepted to the charge at the time of the trial, as a charge upon the weight of evidence, and believing that the facts in evidence fully warranted the conviction, we do not think that the 4th instruction was an error which, under all the circumstances and facts as exhib-

ited in the record, was calculated to injure the rights of the defendant. The records of our supreme court abound with charges upon the weight of evidence, and therefore not strictly correct; and because not excepted to in time, but made the ground of a motion for a new trial, they have generally been found not calculated to injure the rights of the defendant, and not good grounds for the reversal of the judgment. Pasc. Dig., Art. 3067; *Robinson* v. *The State*, 24 Tex. 154.

The 4th error assigned is that the court erred in permitting hearsay evidence of the marshal who arrested the defendant. It does not appear that this testimony was objected to at the time it was given. If an objection had been made to it at the proper time, the objection should have been sustained. As a general rule, when no objection was made in the court below to the admission of evidence, its admissibility cannot be questioned on appeal.

The counsel for the defendant, in his supplemental brief, states that there is nothing in the record to show the indictment was presented in open court by the grand jury; that there is no entry upon the minutes of the court of said fact; that the style of the cause is not mentioned in the minutes of the court; and that therefore the judgment should be reversed. And, in support of his position, our attention has been called to the decision made by this court, at its late Galveston term, in the case of *Thomas C. Hardy* v. *The State*, appealed from Newton county.

This objection to the judgment and the indictment comes too late. It should have been raised on an exception to the indictment before the plea of not guilty was entered. In the case of *Hardy* v. *The State* the objection to the indictment was taken at the proper time. And, on the trial of defendant's motion to quash the indictment, his counsel read in evidence the minutes of the district court of Newton county for the April term, 1871, where the indictment pur-

ports to have been presented, and, the presiding judge having inspected the minutes of the court for said term, it appeared to his satisfaction therefrom that there was no entry on the said minutes; that the indictment was by the grand jury delivered to the judge of the court, in open court or otherwise, and that there was no entry upon the minutes of the court, at the said term thereof, of the fact of the presentment of the indictment in open court by the grand jury; that the style of the case was not noted in the minutes of the court, and that there was no entry or reference in the said minutes to the indictment; all of which facts were shown in a bill of exceptions.

The Code of Criminal Procedure provides that, when the indictment has been prepared with the requisite form, the grand jury shall in open court deliver it to the judge of the court—a quorum, at least, being present; and that the fact of the presentment in open court by the grand jury shall be entered upon the minutes of the proceedings of the court, noting briefly the style of the criminal action and the offense charged. Pasc. Dig., Arts. 2857, 2858.

These entries constitute the evidence provided by law of the authenticity of an indictment. The omission of them in the case cited was held to be fatal, on a motion to quash the indictment. These entries would be presumed, on appeal, in the absence of a bill of exceptions showing that it was proved on the trial of the motion to quash, by the minutes of the court, that they were not made.

After a careful examination of the record we believe that the justice of the case has been attained, and the judgment will not be disturbed.

*Affirmed.*