### E. P. WATKINS *v.* THE STATE.

POSSESSION OF STOLEN PROPERTY.—It was error to charge the jury that a person found in possession of property recently stolen is held accountable for the theft unless he explains his possession of the property. The true rule is that such possession is merely a fact or circumstance for the consideration of the jury, in connection with the other evidence.

APPEAL from the District Court of Bexar. Tried below before the Hon. GEORGE H. NOONAN.

The indictment was for the theft of a coat and vest worth $22. The jury found the accused guilty, and assessed his punishment at two years in the penitentiary.

No brief for the appellant.

*A. J. Peeler*, Assistant Attorney General, for the State.

WINKLER, J. The judgment rendered in this case at the last term of this court at this place was, on motion of the attorney general, set aside, a rehearing granted, and the cause continued. The judgment of conviction had must now be reversed and the cause remanded, because of a material error in the charge of the court, when taken in connection with all the evidence. This error is found in the 3d paragraph of the charge, and is as follows :

" 3d. When a person is found in possession of property recently stolen, such person is held accountable for the theft unless he can explain how he came to have the stolen prop-

erty in his possession. In other words, it is made obliga- tory upon the person having the stolen property in posses- sion to rebut the presumption of guilt thus ensuing, by proof.''

The true rule is correctly quoted in the opinion of the supreme court of Texas, delivered by Mr. Justice Gould, in *McCoy* v. *The State*, 44 Texas, at page 618, as follows :

" The possession of property recently stolen is merely a. fact or circumstance to be considered by the jury, in connec- tion with all the other evidence submitted to them, in deter- mining the guilt or innocence of the possessor ;" citing *Perry* v. *The State*, 41 Texas, 484, and authorities there cited ;. *Calvin Thompson* v. *The State*, 43 Texas, 268 ; *Yates* v. *The State*, 37 Texas, 202 ; 2 Bishop's Cr. Proc.

This rule has been followed by this court in the following cases : *Hannah* v. *The State*, 1 Texas Ct. of App. 578, and *Massey* v. *The State*, 1 Texas Ct. of App. 563.

In this case this charge must necessarily have influenced the jury to the prejudice of the accused ; and, on this account,. the judgment is reversed and the cause remanded.

*Reversed and remanded.*