### D. THOMAS *v*. THE STATE.

THEFT — REPEAL. — "Theft from a house" having, as a specific offense, been repealed by the act of August 21, 1876, without any saving as to past offenses, it was error, after the passage of the repealing act, to put upon his trial for simple theft a party who stood indicted for theft from a house when the repealing act was enacted. The case should have been dismissed. *Montgomery* v. *The State*, 2 Texas Ct. App. 618, cited and approved.

APPEAL from the District Court of Smith. Tried below before the Hon. M. H. BONNER.

*Thomas W. Dodd*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. Appellant was tried and convicted upon an indictment in which he and two other parties were jointly charged with theft of twenty bushels of corn, alleged to have been stolen on January 1, A. D. 1870. The specific charge was theft from a house of the said twenty bushels of corn, and the corn was alleged to be worth the sum of $30.

The case was tried, and once before taken to our Supreme Court, where it was reversed.     See 43 Texas, 658.

The trial from which this appeal was taken was had at the April term, 1877, of the District Court of Smith County, the verdict and judgment being *one* day's confinement in the county jail and a fine of $50.

Since the finding of the indictment, and before the trial, theft from a house, as a specific offense, was repealed by act of the fifteenth Legislature (page 233), without any saving or provisionary clause as to offenses committed before the repeal.   Of course the defendant could not be tried for that offense.   He could not be tried, under the indictment, for theft of property over the value of $20, because the punishment affixed by law for that offense was greater than that affixed to "theft from a house," the specific offense charged in the indictment.   *Montgomery* v. *The State*, 2 Texas Ct. App. 618.

It will be seen by an inspection of the charge that the learned judge who presided at the trial below was fully impressed with the difficulties environing the case, and told the jury that the defendant could only be tried as for simple theft—that is, theft of property under the value of $20. The case was tried upon that view of the law, and resulted as above stated.

We think the District Court erred in trying the case, and that, instead, it should have dismissed it.

The judgment of the lower court is reversed and the case dismissed.

*Reversed and dismissed.*