[No. 1682.]

ADAM BRAGG *v.* THE STATE.

1. THEFT — EVIDENCE — VENUE.— See the opinion for evidence in a theft case, *held* insufficient to support the allegation of venue, as laid in the indictment.
2. SAME — POSSESSION OF STOLEN PROPERTY AS PRESUMPTIVE EVIDENCE OF THE THEFT.— It has been correctly held in this State that "the possession of stolen property, five months after the theft, is not sufficiently recent to raise the presumption that the party in possession of the goods is the thief." Also, that "possession of stolen property, to raise a presumption of guilt, must be recent."  See the opinion and the statement of the case for evidence *held* insufficient to support a conviction for horse theft, because resting solely upon presumption from possession which was not recent.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. G. Cook.

This conviction was for the theft of a horse, the property of Thomas Moore, in Harris county, Texas, on the 10th day of May, 1883. A term of five years in the penitentiary was the punishment awarded.

Thomas Moore, the first witness for the State, testified that he was the owner of the alleged stolen horse. He lost the said horse in April, 1883, somewhere between Buffalo Bayou and Hockley, in Harris county, and did not see him again until some time in December of the same year, when he found him in the possession of Doctor Waldrop, at Patterson, Waller county, Texas. The horse he lost in Harris county was the same horse the witness afterwards got from Doctor Waldrop in Waller county. The horse was taken from the witness's possession in Harris county, without his knowledge or consent.

M. E. Davis testified, for the State, that about the middle of May, 1883, the defendant came by witness's house in Hockley, Harris county, Texas, with a horse. He left that horse at witness's place for about two weeks. He told witness that the horse belonged to a German on the Brazos river. Mr. Thomas Moore, leading a horse, passed the witness's house in December, 1883. Witness took no particular notice of that horse, and could not say that it was the same horse defendant left at his house in May.

Doctor B. F. Waldrop testified, for the State, that in December, 1883, Mr. Thomas Moore got a horse from him which he claimed as his. That horse the witness got from the defendant. Witness had a small horse that the defendant fancied, and for which he proposed to trade a fine pacing horse. He brought the horse in question to the witness, and the trade was made. This was in October, 1883. The horse witness got from the defendant in that trade is the same horse that Moore subsequently got from him. The defendant, at the time of the trade, did not say where he got the horse, nor did the witness ask him. After surrendering the horse to Moore, witness went to the defendant's house and got his horse. Defendant was not then at home. He, defendant, has never since said anything to witness about the horse, but the witness had not seen him since.

The motion for new trial complained of the organization of the trial jury, the charge of the court, and the sufficiency of the evidence to support the verdict.

*A. J. Harvey* and *H. M. Browne*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. There is no testimony going to establish the fact that defendant was ever in possession of the horse in Harris county, where it was alleged the horse was stolen, and which was the county in which the prosecution was had. M. E. Davis, a witness for the State, testified that defendant brought a horse to his house in Harris county in May, 1883, and left him there two weeks; that in December he saw Moore, the alleged owner of the stolen horse, leading a horse by his house, but he explicitly states that he could not state that it was the same horse defendant brought to his house. Moore, the prosecutor, says he lost the horse in Harris county, in April, 1883, and that he got him from Dr. Waldrop in Waller county in December, 1883. Waldrop says he got the horse from defendant in October, 1883, which Moore afterwards got from him (the witness). This was six months after the horse was lost by Moore. The proof does not sustain the allegation of the venue of the offense as laid in the indictment.

Does the proof make out a case of property recently stolen? We think not. At least five and a half or six months elapsed from the date at which Moore lost the horse and the time he found him in possession of Dr. Waldrop, to whom defendant had sold him. "The possession of stolen property five months after the theft is not sufficiently recent to raise the presumption that the party in possession of the goods is the thief." (*Yates* v. *The State*, 37 Texas, 202.) "Possession of stolen property, to raise a presumption of guilt, must be recent." (*Beck* v. *The State*, 44 Texas, 430; *Roberts* v. *The State*, decided at present term, *ante*, p. 82.) This conviction rests solely upon presumption from possession, and the possession was not recent. The evidence is insufficient to support the judgment.

*Reversed and remanded.*

[Opinion delivered November 26, 1884.]