*Reversed and remanded.*

[Opinion delivered May 6, 1885.]

---

[No. 3456.]

## Ed. Lehman v. The State.

1. **Theft.**— Possession of Stolen Property, whether recent or remote, is a circumstance admissible in evidence, to be considered by the jury in connection with the other proof in the case. But, to warrant the inference of guilt from the possession alone, the possession must be a personal one; must be recent and unexplained; and must involve a distinct and conscious assertion of claim by the possessor. See the opinion *in extenso* for an exposition of each of these criminative characteristics, and for a review of elementary and judicial authorities upon the subject.

2. **Same**— Charge of the Court.— As a general rule, if a person in whose exclusive possession goods recently stolen are found, fails to give a reasonable account of his possession when it is incumbent upon him to do so, the inference of guilt arising from the possession and the recent theft is sufficient to sustain his conviction for the theft. Nevertheless, this inculpatory inference is not a presumption of law, but is a deduction of fact to be drawn by the jury alone, unforestalled by any instructions from the court upon the weight of the evidence. But when this inculpatory possession constitutes the only evidence criminative of the accused, the case is one of circumstantial evidence alone, and the legal principles which control that species of proof should be given in charge to the jury.

3. **Fact Case.**— See in the opinion the recapitulation of inculpatory proof *held* insufficient to support a conviction for theft.

Appeal from the District Court of Parker. Tried below before the Hon. R. E. Beckham.

The facts of the case are fully disclosed in the opinion of the court. A term of two years in the penitentiary was the punishment assessed against the appellant by the jury.

*E. P. Nicholson*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. Appellant was convicted of the theft of certain silver spoons and forks, of the value of $25, and the property of one Paul Chaptive. In brief, the main facts are that the spoons and forks were engraved with the letters "A. C.," the initials of the owner's deceased father; that appellant had frequently been at the house of the owner, had sat at his table at meals, and had used and was familiar with the silverware; that the articles were stolen in August or September, 1883, and were found and recovered over a year afterwards (October, 1884), on the premises of one Grandjean, who lived nine miles from the residence of the owner of the stolen property, and with whom the defendant had been and was then living. Before the articles were found, two ineffectual searches under a warrant had been made on these same premises for them. In one of these searches, however, a gun belonging to the Franco-Texan Land Company had been found in defendant's trunk.

A third search warrant was procured, and the facts connected with its execution and the discovery of the articles were in substance these, viz.: As the officer and *posse* approached the house of Grandjean, some one was seen to leave the house, going in a southwest direction. When the house was reached, defendant was not there, and search was instituted for him. Tracks of a long, peculiarly shaped shoe were found leading from the house, which were followed in a southwest direction. On the line of these tracks a hole was found, with the tracks on either side, where some one apparently had stooped and dug up something out of the earth. At about two hundred yards from the house, and beyond this hole, defendant was found lying down in the grass and weeds, and he had on shoes which made tracks similar to the ones that had been followed. About fifteen or twenty feet from where defendant was lying when discovered, the stolen silver forks and spoons were found under some rocks. When asked what he was doing there, defendant said he was sick. Defendant made no statement with regard to the spoons and forks. Such are the material facts shown by the record.

With regard to the possession of stolen property as evidence of theft, the only instruction found in the charge of the court was that "mere possession of stolen property will not authorize a conviction of theft, though the party found in possession may know that the property has been stolen." This we do not think was a sufficient exposition of the law called for by the facts in the case.

We propose to examine some of the rules with regard to the possession of stolen property, with a view of determining how far such

possession is evidence and how far it is sufficient to support a conviction.

Whether recent or remote, possession of stolen property is a circumstance admissible in evidence, to be considered by the jury in connection with the other evidence in the case. But, whether remote or recent, it is but a circumstance *per se.* It is a circumstance from which guilt may be presumed or inferred. But to warrant an inference or presumption of guilt from the circumstance alone of possession, such "possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant." (Whart. Crim. Evid. (8th ed.), § 758; *York* v. *The State*, 17 Texas Ct. App., 441.)

It must be personal. Mr. Burrill states the law as follows: "The possession must be exclusive. A finding of stolen property in the prisoner's house or apartment is equally competent in evidence against him as a finding upon his person. But the house or room must be proved to be in his exclusive occupation. If the property were locked up in a room or box of which he kept the key, it would be a fair ground for calling upon him for his defense. But if it were found lying in a house or room in which he lived jointly with others equally capable of having committed the theft, it is clear that no definite presumption of guilt could be made." (Burrill on Circumstantial Evid., 450; *The People* v. *Hurley*, 60 Cal., 74.)

The *possession must* be recent. "What is *recent* varies within a certain range with the conditions of each particular case. There are, however, certain additional circumstances, the presence or absence of which tends to expand or contract this particular inference of guilt. Has the article in defendant's possession, for instance, such ear marks as made it his duty, on its coming into his hands, to seek out its owner? For, supposing even that he found it, yet, if it has such ear marks he is guilty of larceny if he do not return it to the party whose property he is thus notified it is. Hence, the question of 'recent' is much affected by marks of this class." (Whart. Crim. Evid., §§ 759, 760.)

In *Gablick* v. *The People*, 40 Mich., 292, it was held that "mere possession of stolen property affords but slight presumption of the guilt of taking it." "Possession of stolen goods immediately after the theft may sometimes be almost conclusive of guilt, but the presumption weakens as the period of time between the theft and the possession increases, and may scarcely arise at all if others besides the accused have had equal access with himself to the place where the goods were found."

Again: the POSSESSION MUST BE UNEXPLAINED. As was said in *Thomas* v. *The State*, 43 Texas, 658: "The unexplained possession of stolen property recently after the theft is unquestionably a circumstance which often tends to prove the guilt of the party in whose possession it is found. Its force and effect to this end depends, however, upon all the facts and circumstances in the particular case under consideration. It is an inference of fact from the evidence, and not a presumption or conclusion of law from an established or admitted fact. This presumption may be and is often so plain and evident an inference from the facts that in many cases it has not been thought to be a material error, requiring a reversal of the judgment, for the court to instruct the jury in general terms that unexplained possession of stolen property recently after it is stolen warrants the presumption of the guilt of the party in whose possession it is found."

This court said in *McNair* v. *The State:* "Recent possession *unexplained*, when the circumstances demanded explanation, has been and is held (we think justly) sufficient. This applies to cases in which there is no evidence except the *corpus delicti*, recent possession, a demand for explanation, and a failure to explain. If there be other evidence, either for or against defendant, it may or may not be sufficient, depending always on the nature and weight of the evidence." (14 Texas Ct. App., 83.)

In *Schindler* v. *The State*, 15 Texas Ct. App., 394, it was said: "Possession of property recently stolen, *unexplained*, is held to be *prima facie* evidence of theft; and this court has held, and still holds, that there may be cases in which these facts would not only constitute a *prima facie* case, but would be sufficient upon which to convict. To be a *prima facie* case, the property must be stolen by some person; the possession must be recent; the defendant must be *called* upon to explain and *fail* to explain; and before a *prima facie* case can be made and claimed for the State, all of the above facts must be established by the evidence."

We think the rule may be stated in general terms thus: If a party in whose exclusive possession goods recently stolen are found fails reasonably to account for his possession, when called upon to explain, or when the facts are such as to require an explanation of him, the presumption of guilt arising from recent loss and possession will warrant a conviction, without the necessity of further proof. (36 Miss., 97; 42 Miss., 642; 103 Ill., 82; 43 N. Y., 177; 65 N. C., 592.)

But even in such case, whilst the law would authorize the infer-

ence and presumption of guilt, such presumption or inference is not a mere legal one, but is one of fact to be found by the jury. And the court should in no instance charge the conclusiveness of such presumption or inference, but should submit them as facts to be found by the jury. (*Thomas* v. *The State*, 43 Texas, 658.)

In *Underwood* v. *The State*, 72 Ala., 220, it was said: " The recent, actual, unexplained possession of stolen goods is a fact from which the jury may infer the complicity of the defendant in the larceny. Whether it is sufficient evidence of guilt is a question for their determination. There may be cases in which it would stand alone, unconnected with any other criminating fact, and from it the jury would not probably infer guilt. Whether the inference is just and reasonable,— whether the fact satisfies the minds of the jury as reasonable men, beyond all reasonable doubt, of the guilt of the accused,— the court cannot determine."

If all these facts (recent, exclusive and unexplained possession) concur, not only is a *prima facie* case made out, but one which will fully warrant conviction. Still, the case is one of circumstantial evidence, and the law presenting that character of case should be submitted to the jury, because, while such circumstances are conclusive of guilt, they are nevertheless circumstances only from which the guilt is inferred, and not positive proof establishing it. (*Faulkner* v. *The State*, 15 Texas Ct. App., 115.)

As we have heretofore stated, possession, even though remote, is a fact which may be given in evidence, but the presumption or inference of guilt arising from such possession becomes weaker in proportion as the possession becomes remote.

Mr. Bishop says: " The possession, to make a *prima facie* case, must be recent. And by all opinions the presumption diminishes in strength as the time increases between the larceny and it. The just doctrine is that, if the possession is very remote (yet how remote must depend upon the special nature of the particular case), the judge, in his discretion, will exclude it as having no sufficient tendency to prove anything; but, when he admits it, he should leave it to the jury, with proper suggestions." (2 Bish. Crim. Pro., 3d ed., § 742.)

In *Yates* v. *The State*, 37 Texas, 202, it was held that " the possession of stolen property five months after the theft is not sufficiently recent to raise the presumption that the party in possession is the thief." In *Beck* v. *The State*, 44 Texas, 430, it was held that " possession of stolen property, to raise a presumption of guilt, must be recent; and such possession cannot be inferred from testimony show-

ing that the accused, in 1874, had possession of and publicly used a mule which had escaped or been stolen from its owner in 1872." (See, also, *Gablick* v. *The People*, 40 Mich., 292; *State* v. *Jaunett*, 88 N. C., 665; *People* v. *Hurley*, 60 Cal., 74; *Roberts* v. *The State*, 17 Texas Ct. App., 82; *Bragg* v. *The State*, 17 Texas Ct. App., 219.)

In the case before us a year had elapsed from the date of the loss to the finding of the stolen property. That it was in the exclusive possession of defendant when found is not established by positive testimony, and the circumstances do not fix the possession in defendant beyond a reasonable doubt, because the premises upon which they were found belonged to another party, and it is not shown that other parties did not have equal access to and equal means and opportunities of concealing the things in the place where found. That they were found near where he was, and in fact that all the circumstances attending the finding are strong suspicious circumstances, where no explanation was attempted to be made by defendant, may be admitted, and yet they do not exclude any other reasonable hypothesis than that of his guilt. These inculpatory facts would be conclusive against the accused, perhaps, had the articles been found in his exclusive possession, because it was shown that the articles were marked with the initials of the owner's deceased father, and appellant had eaten and was familiar with them; but if he did not have possession of them, he was not called upon to explain anything, for, if he did not know where they were when found, he could not explain how they came to be there.

Because the evidence is not as clear and satisfactory as it could have been made, judging from the facts before us, and because the charge of the court did not sufficiently present the law applicable to the case as made by the evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered May 6, 1885.]