Opinion delivered May 2, 1888.

## No. 5890.

### Estevan Romero v. The State.

**Theft—Presumption Arising from Possession of Stolen Property —Fact Case.**—Possession of stolen property, to raise a presumption of guilt, must be recent. See the opinion and the statement of the case for evidence held insufficient to support a conviction for horse theft, inasmuch as the defendant's possession, proved and relied upon by the State, was too remote to raise the presumption of guilt.

Appeal from the District Court of Atascosa. Tried below before the Hon. D. P. Marr.

The conviction was for the theft of John Burmingham's certain horse, in Atascosa county, Texas, on the fifteenth day of October, 1883, and the penalty assessed against the appellant was a term of five years in the penitentiary.

John Burmingham was the first witness for the State. He testified, in substance, that he resided in Atascosa county, Texas, and lived there in 1883. In October of 1883, the witness lost a certain sorrel colt which was eighteen months old in the fall of 1882. That colt belonged to Wilford McFadden, but was in the sole care, control and management of the witness when it disappeared in October, 1883. It was branded when it disappeared, with a square and a lateral B connected. Witness last saw that animal, before it disappeared, at a horse round up at Pope's Lake in Atascosa county, in the spring of 1883. He next saw it in September, 1886, when he found it in the possession of Julio Perez at O'Neill's sheep pens in Atascosa county. The letter R had then been added to the original brand. Witness only knew the animal by the brand, and would not absolutely swear that the colt he found in the possession of Perez was the McFadden colt, although he was satisfied in his own mind of that fact. The brand showed plainly that the R had been added to the square and lateral B. Witness never consented for the defendant to take or use the said colt.

R. A. Goins testified, for the State, that he was at O'Neill's sheep pens in September, 1886, when Burmingham claimed to have discovered the McFadden colt which disappeared some time in 1883. Burmingham asked witness to examine the animal and see if he could identify it. Witness examined its mouth and found it to be about as old as the McFadden colt would be if alive. It was evident that the original brand on the animal was a square and a lateral B connected, and that it had been altered by the addition of the letter R. Witness thought that animal was the missing McFadden colt, but could not so swear.

Julio Perez testified, for the State, that in May, 1886, he bought from the defendant the sorrel mare which, in the September following, was proved away from him at O'Neill's sheep pens by John Burmingham. Defendant claimed the mare as his property, and the brand—a square, lateral B and R connected as his brand. Witness paid defendant fifteen dollars for the animal, giving him an order on Mr. William Rehn for the amount.

Mr. Rehn testified, for the State, that he paid the defendant fifteen dollars on the order of Julio Perez, in May, 1886.

The defense introduced no evidence.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. When last seen by the alleged owner, the animal charged to have been stolen "was at Pope's Lake in this (Atascosa) county, on a horse round up in the spring of 1883." He next saw and found it in the possession of Julio Perez in 1886. Perez testified that he bought the animal from defendant in May, 1886. So that, so far as the evidence goes, from the time the animal was lost or taken from the owner until it was first known to be in defendant's possession, was a period of three years. There is no evidence tending to connect defendant with the original *taking* of the animal, and no explanation as to his possession was made by him when he sold it to Perez.

The conviction rests solely upon defendant's possession and sale of the animal in 1886, three years after it was stolen. "Possession of property, to raise a presumption of guilt, must be recent." (Beck v. The State, 44 Texas, 430; Bragg v. The State, 17 Texas Ct. App., 219; Lehman v. The State, 18 Texas Ct. App., 174; Curlin v. The State, 23 Texas Ct. App., 681; Boyd v. The State, 24 Texas Ct. App., 570.)

We are of opinion the evidence is insufficient to support the conviction, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*